ELLIS, Judge:
This is a suit for damages arising out of an accident involving an automobile owned by Ayerst Laboratories Division of American Home Products Corporation and operated by Anton Cangelosi, and a 1967 Ford Mustang owned by Mrs. Nettie Meyers and operated by Kenneth W. Mayers. Plaintiffs are Ayerst, Mr. Cangelosi and Suzanne Artigues Cangelosi, his wife, who was a guest passenger in the Ayerst car. Defendant is Ford Motor Company.
After trial on the merits, judgment was rendered dismissing plaintiffs’ demands, and they have appealed. In this court, defendant has filed a motion to dismiss plaintiffs’ appeal.
The motion to dismiss is directed at two alleged defects in the devolutive appeal bond filed herein. First, it is pointed out that the bond is unsigned, although signatures appear on the affidavits accompanying the bond. Second, since Mrs. Cangelo-si is not named as a principal on the bond, and did not execute the affidavit, it is claimed that under no circumstances is there a bond posted for her appeal. We note that the body of the bond does refer to her as an appellant.
We find that the questions raised by defendant fall within the ambit of Arti *99 cle 5123 of the Code of Civil Procedure, which provides:
“Any person in interest wishing to test the sufficiency, solvency of the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the trial court in which the proceeding was brought to show cause why the bond should not be decreed insufficient or invalid, and why the order, judgment, writ, mandate, or process conditioned on the furnishing of security should not be set aside or dissolved. If the bond is sought to be held invalid on the ground of the insolvency of a surety other than a surety company licensed to do business in this state, the party furnishing the bond shall prove the solvency of the surety on the trial of the rule.”
Jurisdiction for such matters lies in the trial court, and we are without authority to entertain the motion. The motion to dismiss the appeal is therefore denied, at defendant’s cost.
The accident happened when the Meyers vehicle crossed the center line of the highway and crashed into the Cange-losi car. According to the testimony of Kenneth Mayers, he was driving North on State Highway 25 at a speed of 50 miles per hour when his car began to veer to the left. He attempted to steer the car back to the right to the proper lane, but found that he had no steering control. He was unable to avoid crashing into the Cangelosi vehicle, although he did apply his brakes about 50 feet from the point of impact.
Mr. Cangelosi testified he was driving South on Highway 25 and that he saw the Meyers vehicle approaching in the wrong-lane, but at such a distance that he did not consider it to represent any danger. When he realized that the Meyers car was not going to stop or pull back to its own lane, Mr. Cangelosi pulled to his right and applied his brakes. He was almost entirely on the shoulder of the road, and nearly stopped when the impact took place.
Plaintiffs claim that á tie rod in the steering mechanism of the Meyers vehicle was defectively manufactured, and failed due to metal fatigue just before the accident happened, causing the malfunction in the steering system of the Mustang.
A tie rod, which was never introduced into evidence, was examined by an expert metallurgist, who testified that it failed due to metal fatigue, and was therefore defective. The record does not affirmatively show that the tie rod which he examined came from the Meyers Mustang.
Ford offered expert testimony to show that the failure of one tie rod will not prevent the function of a steering system so long as the other tie rod is in place. Therefore, if the left tie rod should fail, as claimed herein, causing the vehicle to veer to the left, the car can still be steered to the right by the other front wheel, and the driver would not lose control.
This is not a case in which a sudden emergency was created by the failure of a steering system. The Meyers car drifted slowly to its left into the opposite lane. Even if plaintiffs had proved the failure of a tie rod, which they have not, they have not proved the failure of the entire steering mechanism, and the evidence is clear that the failure of one tie rod will not render the car incapable of being steered. The trial judge so concluded, and his findings of fact are completely supported by the record. There being no showing of fault on the part of Ford Motor Company, the suit was properly dismissed.
The judgment appealed from is affirmed, at plaintiffs’ cost.
Affirmed.